NATHAN H. BARSTOW & others *vs.* EDWARD M. ROBINSON.

A lien on a ship for spars furnished and wrought for it, by virtue of an express contract to that effect with its owners and builders, and delivered to and accepted by them for that purpose, will be created under Gen. Sts. c. 151, § 12, although the same were never attached to the ship, or removed from the premises of those by whom they were furnished and wrought.

Interest on a sum due for labor performed and materials furnished for a ship will be computed, in a petition for the enforcement of a lien therefor, from the time of filing the petition.

PETITION for the enforcement of a lien upon a ship. At the trial in the superior court, upon facts and under circumstances which are stated in the opinion, *Russell*, J. ruled that the lien would attach, and that interest should be computed from the time of the demand proved; and the respondent alleged exceptions.

*T. M. Stetson*, for the respondent.

*R. C. Pitman*, for the petitioners.

MERRICK, J. In this cause a trial by jury was waived by the parties, and it was heard and determined by their consent by the presiding judge in the superior court where the petition was pending. Gen. Sts. c. 129, § 66. From his conclusions upon questions of fact, and from the uncontested evidence before him, which are stated in the bill of exceptions, it appears that Meigs & Cannon were the owners and builders of the ship on which the lien is claimed, and which they subsequently sold to the respondent; that the petitioners contracted with them to furnish the spars for it; and that the spars, in pursuance of the contract, were delivered to and accepted by Meigs & Cannon for the use of the ship. But the spars were never in fact attached to the hull; and they had never, up to the time of the hearing

51 *

been removed from the yard of the petitioners, where they were wrought and where they were delivered, and which was distant about half a mile from the place where the ship was built, and from the wharf beside which she lay after she was launched. But they had never been applied to any other purpose than that for which they were contracted and furnished by the petitioners, and no other spars had been attached to or procured for the ship.

Upon these facts, it was ruled that the petitioners were entitled to the lien which in the present proceedings they were seeking to enforce. The respondent excepted to this ruling. He then objected, and he now insists, that there was no lien on the ship for the spars, because they had never been used in its construction, or put into or actually made a part of it. And adopting the language of the court in the case of *The Kearsage,* Ware, 549, he contends that the law creating a lien only extends to such materials as are used, and in some sense consumed, in the construction of the ship, and when completed make part of it, either as incorporated into the vessel or as appurtenant to it.

The only provisions of the statute which have a bearing upon the present question are, that when, by virtue of a contract with the owner of a ship, money is due to any person for labor performed, materials used, or labor and materials furnished in its construction, he shall have a lien upon it to secure the payment of the debt. Gen. Sts. *c.* 151, § 12. In the construction of this and of the provisions of similar statutes, it has been held that no lien is created, unless the labor has been performed or the materials furnished under a contract in relation to the particular ship in the construction of which the materials were supplied and the work done. *Rogers* v. *Currier,* 13 Gray, 129. *Read* v. *The Hull of a New Brig,* 1 Story R. 250. *Sewall* v. *The Hull of a New Ship,* Ware, 565. To entitle themselves to the lien which they seek to enforce, the petitioners were obliged to show that the debt due to them from Meigs & Cannon was for labor performed or materials used, or for labor and materials furnished in the construction of the ship, under an express contract for

that purpose. If this was shown at the trial, the ruling of the court was correct and affords no just ground of exception.

And in reference to all these facts, the proofs adduced upon the trial appear to have been ample and complete. It was clearly shown, and it is not contested by the respondent, that the petitioners contracted with Meigs & Cannon to furnish the spars for the ship which they were then about to build, and which they afterwards did build in their ship-yard ; and that, in pursuance of the contract, the spars were delivered to and accepted by the owners, for the use of the ship. This contract, and the fulfilment of its stipulations, necessarily involved the performance of labor and the supply of materials in the construction of the ship ; for the spars, which were to constitute a part of it upon its completion, were to be wrought into shape, and manufactured from the timber of which they were to consist. The petitioners fully performed their part of the contract. They furnished the spars, and delivered them to the owner, who accepted them for the purpose for which they were made. They had therefore done everything which they could do to entitle themselves to the lien. It is difficult to see how the owners of the ship could defeat it by their subsequent conduct; for the lien arises by operation of law from the contract, and the complete performance of it by the party who thereby becomes a creditor. It certainly is of no consequence that the owners permitted the spars to remain, after delivery, and after acceptance of them for the use of the ship, in the yard of the vendors. Being the owners, they could keep any materials they had procured wherever it would be most convenient to themselves, until the time and occasion arrived for applying them to the particular purpose for which they were furnished ; and therefore the circumstance that the purchaser chose to continue to leave them in the place where they were delivered until they were to be fitted in and attached to the hull of the ship for which they were designed, rather than to remove them to any point nearer to the ship, could have no effect to prevent the creation of a lien to secure the payment of the debt, for the price for which they were furnished.

Barstow & others *v.* Robinson.

But in the closest application of the provisions of the statute to the facts shown and found at the hearing, it became manifest that a lien upon the ship was created in favor of the. petitioners. A ship, when completed, consists not alone of the hull or body of the vessel, but also of her masts and spars properly rigged, and attached, fastened to and made a part of it. All of these parts therefore.must, in order to attain to the due and final completion of the whole work, be wrought out and constructed in their proper order and succession — the timbers for the hull must be worked into one shape and laid down upon the plan according to which they were fitted and purposed; and the timbers for the spars into another and different, but appropriate form, that they may subserve the purpose for which they were designed. The ship can never be finished until the materials are furnished and the labor is performed necessary to complete each of these parts; and until each part is so far advanced and performed that they can be brought together.and united, the materials of which they each consist must necessarily be kept apart, and the requisite labor be separately bestowed on them. The labor therefore which is performed in the preparation and manufacture of the spars for a particular ship is as directly employed in its construction as that which is applied to the building of the hull, and the material which is furnished for the one is furnished in its construction just as much as that which is supplied for the other. He therefore who furnishes timber for the hull or the capstan, and he who supplies other timber for the masts and spars, stand in exactly the same relation to the ship. They each furnish material in its construction.

Applying these rules and principles to the facts proved at the hearing and stated in the bill of exceptions, the conclusion is as obvious as it is inevitable. Meigs & Cannon were the builders and owners of the ship; they contracted with the petitioners to furnish the spars for it; and the latter, in execution of the contract, procured the material of which the spars essential to the completion of the ship were to consist, and wrought upon it until each parcel of the timber was brought into the proper shape, and then delivered the material, increased in value by

the labor bestowed upon it, to the owners of the ship, wherewith to finish it, and thus furnished both labor and materials to them in its construction. This, upon the most strict interpretation, would therefore create a lien in their favor as creditors for its value.

The respondent objects to the rule in relation to the allowance of interest upon the claim of the petitioner which was adopted by the court. The statute provides that the lien may be enforced by a petition to the superior court, or, if the claim be less than one hundred dollars, to a police court or a justice of the peace; and in either case, that the petition may be inserted in a writ of original summons, to be served, returned and entered as other civil cases. Gen. Sts. *c.* 150, §§ 8, 9, 10. In an action at law for the recovery of the debt, interest would be added, in making up the judgment, from the time of demand, or from the date of the writ. It is reasonable that the same rule should be applied in ascertaining the amount due to the party prosecuting the suit, whether it be in an action at law or by petition for the enforcement of the lien; for the ultimate object of each process is the same, namely, to obtain payment of the debt. Interest therefore should be allowed, in rendering final judgment upon such petition, from the day of the date of the writ in which it is inserted, or filed in the clerk's office. § 8. But as the commencement of the suit is the time of demand by enforcement of the lien, interest is recoverable only from and after that day.

It is a necessary result from these considerations that the exceptions of the respondent upon the principal question in the case are overruled; but that they must be sustained in relation to the matter of interest, which, in making up the final judgment, is to be allowed in conformity to the rule above stated.